Edward SKARNULIS, Special Master,

Leo McCoy, Jr., and William Mccoy, by their parents and guardians Leo and Esther McCoy, Plaintiffs–Appellants,

v.

Michael BELMONT, Individually and Superintendent, Southbury Training School, Jean Gino, M.D., Individually and as Medical Director of the Southbury Training School, Brian Lensink, Commissioner Connecticut Department of Mental Retardation, Ofelia Tee King, M.D., Philadelpo Guevarra, M.D., Paul Bruch, Individually, Defendants–Appellees.

No. 02–9170.

United States Court of Appeals, Second Circuit.

Aug. 27, 2003.

W. Martyn Philpot, Jr., Law Office of W. Martyn Philpot, Jr., New Haven, CT, for Plaintiffs–Appellants.

Thomas B. York, Dilworth Paxson, L.L.P., Harrisburg, PA, for Defendants–Appellees.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

On September 30, 1985, Leo McCoy, Sr. and Esther McCoy ("the McCoys") filed an action under 42 U.S.C. § 1983 on behalf of their adult sons, Leo McCoy, Jr. and William McCoy ("Leo and William McCoy"), regarding the treatment they received at the Southbury Training School, which is operated by the Connecticut Department of Mental Retardation. The parties entered into a twelve-page consent decree, which required, in relevant part, that the defendants-appellees: 1) substantially renovate a residence known as "Staff House 2" for the exclusive use of Leo and William McCoy; 2) provide a "core staff" of at least 15 people to care for Leo and William McCoy; 3) provide an advocate for Leo and William McCoy; 4) provide appropriate day programs for Leo and William McCoy; and 5) comply with ICFMR regulations, which govern the operations of intermediate care facilities for the mentally retarded, as delineated by 42 C.F.R. §§ 483.400 *et seq.*

The McCoys allege that the defendants-appellees violated the consent decree by failing to: 1) maintain the requisite number of staff members; 2) appoint an advocate; 3) provide appropriate day programs; and 4) comply with ICFMR regulations requiring day programs, competency-based training, and safety standards within the house. The McCoys filed a motion for contempt and sought a preliminary injunction, and the defendants-appellees filed a motion for relief from the consent decree, pursuant to Fed.R.Civ.P. 60(b). The United States District Court for the District of Connecticut (Ellen Bree Burns, *District Judge*) denied both the McCoys' motion for a preliminary injunction and the defendants-appellees' motion for relief from judgment, but it granted in part and denied in part the McCoys' motion for contempt. Specifically, the district court held the defendants-appellees in contempt for failing to provide a day program for Leo McCoy and denied the motion for contempt in all other respects, finding that the defendants-appellees exercised reasonable diligence in attempting to comply with the terms of the consent decree. The McCoys now appeal the district court's decision to deny in part their motion for contempt, as well as the court's refusal to allow Dr. Isadore Leslie Rubin to testify as an expert witness at the evidentiary hearing.

A finding of contempt is appropriate when: 1) the order allegedly violated is clear and unambiguous; 2) the proof of

non-compliance is clear and convincing; and 3) the alleged violator was not reasonably diligent in attempting to comply. *See United States v. Local 1804–1, Int'l Longshoremen's Ass'n, AFL–CIO,* 44 F.3d 1091, 1096 (2d Cir.1995). This Court reviews a district court's decision not to hold a party in contempt for abuse of discretion, *see Dunn v. New York State Dep't of Labor,* 47 F.3d 485, 490 (2d Cir.1995), and accepts the district court's findings of fact unless they are clearly erroneous. *See Hester Indus., Inc. v. Tyson Foods, Inc.,* 160 F.3d 911, 915 (2d Cir.1998).

■ The district court did not abuse its discretion in refusing to hold the defendants-appellees in contempt for failing to maintain the requisite number of staff members at the house. The McCoys proffer little evidence to dispute the district court's findings that the defendants-appellees undertook extensive efforts to hire and retain staff members and to provide care for Leo and William McCoy. Between October 1995 and December 2001, the defendants-appellees hired 164 employees to fill 15 positions, and 152 employees resigned or transferred to other facilities. During the fiscal year preceding the district court's decision, the defendants-appellees spent $25,848 to advertise open positions and attempted to establish an on-site management office and a new administrative structure. Moreover, the defendants-appellees resorted to requiring employees to work extra shifts to provide care for Leo and William McCoy. Nor do the McCoys adequately dispute the district court's voluminous and detailed findings that working conditions at the house were "deplorable" and that the McCoys were largely responsible for the working conditions that led to the staffing problems at the house. In light of the findings of fact, we cannot conclude that the district court abused its discretion.

■ We also affirm the district court's decision not to hold the defendants-appellees in contempt with respect to their failure to hire an advocate for Leo and William McCoy, in violation of the consent decree and the district court's order of June 21, 2001. The district court found that the McCoys "have not fully cooperated with the State in the appointment of an advocate." Specifically, the district court found that the McCoys failed to give the necessary consent to appoint an advocate and spent the $10,000 annual allotment that was intended for consultants and advocacy services. The McCoys argue that "they were never specifically asked to sign off on any authorization forms," but the portion of the record they cite does not support their contention. We also find no error with respect to the district court's decision to deny the McCoys' motion based upon the defendants-appellees' failure to comply with the court's order of June 21, 2001, as the district court found that the non-compliance was inadvertent, though we are concerned by counsel's conduct. *Cf. Canterbury Belts, Ltd. v. Lane Walker Rudkin, Ltd.,* 869 F.2d 34, 39 (2d Cir.1989) (recognizing that sanctions for civil contempt can be imposed without a finding of willfulness).

■ We conclude that the district court did not abuse its discretion in refusing to hold the defendants-appellees in contempt for failing to comply with ICFMR regulations requiring day programs, competency-based training, and safety standards within the home.[1] The district court found that the defendants-appellees attempted to

---

1. The McCoys argue on appeal that the defendants-appellees did not comply with the ICFMR regulation concerning quality assur-

ance inspections. However, the McCoys did not raise this issue in their motion for con-

train and evaluate employees, but that their efforts were frustrated by the frequent turnover and working conditions at the house. The McCoys proffer no evidence that would render these findings clearly erroneous or suggest that the defendants-appellees were not reasonably diligent. The district court also found that the defendants-appellees attempted to repair the downstairs bathroom, but that the McCoys refused to cooperate with their efforts. In sum, based upon the district court's findings of fact, we cannot conclude that the court abused its discretion in concluding that the defendants-appellees exercised reasonable diligence in attempting to comply with the relevant ICFMR regulations.

We also find that the district court's refusal to allow Dr. Rubin to testify as an expert witness was not an abuse of discretion. *See Softel, Inc. v. Dragon Med. & Scientific Communications, Inc.,* 118 F.3d 955, 961 (2d Cir.1997). The McCoys believe that Dr. Rubin's testimony "would have proven helpful to the [district court] on the issue of whether or not the medical care being provided to [Leo and William McCoy] was in accordance with that which was called for by the Consent Decree." However, Dr. Rubin's testimony was not relevant to the issues before the district court. While the McCoys challenged the quality of their sons' medical care, they did so in the context of complaining about the effects of inadequate staffing. As discussed, however, the defendants-appellees conceded that they did not comply with the staffing provisions of the consent decree. As Dr. Rubin's testimony was not relevant in determining whether the defendants-appellees exercised reasonable diligence in attempting to comply with the terms of the consent decree—the only issue in dispute—we find that the district court did not abuse its

discretion in barring Dr. Rubin from testifying as an expert witness.

We note that although the district court largely concluded that the defendants-appellees were not in contempt of the consent decree, the court ordered a remedy that addressed most, if not all, of the McCoys' complaints. The district court ordered the defendants-appellees to: 1) institute a state-administered program rather than a family-directed model of care; 2) repair the house; 3) hire and train the requisite management and staff; 4) appoint an advocate; 5) arrange for the house to be monitored temporarily; and 6) design a day program for Leo McCoy. Accordingly, the district court's order, while not finding the defendants-appellees in contempt on most of the alleged grounds, provided the remedy that one would expect of a contempt order.

Based upon the foregoing, the judgment of the United States District Court for the District of Connecticut is affirmed.

tempt and proffer little evidence in support of their argument.